STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-58

B & K REALTY, LLC.,

Plaintiff

ORDER
AND
DECISION

v.

TOWN OF OGUNQUIT,

Defendant

JAN 24 2005

The plaintiff is the current owner of real estate and a building located at 174 Shore Road in Ogunquit in the Limited Business District and Residential District. B & K submitted an application to the Ogunquit Planning Board for approval of a proposal to convert its existing 11-room building into four motel units and to construct an addition with 38 motel units. The plans also called for a parking lot and outdoor swimming pool.

Under Article 3.5 of the Zoning Ordinance of the Town of Ogunquit, new hotels and motels are not permitted in either the Limited Business or Residential District and are limited to the Town's General Business District-2. However, Article 3.5 provides that, "Any hotel or motel legally existing at the time of the adoption of this Ordinance which does not conform to the use requirements of this Ordinance or its amendments may continue and shall be permitted to expand, be reconstructed or be structurally altered within the owner's lot of record or contiguous lots of record as of the date of adoption of this Ordinance." Any expansion must comply with the standards for the General Business District-2 and be approved by the Planning Board.

The plaintiff's facility has been known as Keene's Guest House and historically provided season-long housing to individuals working at the Ogunquit Playhouse. Shorter term rentals were not available and rentals were not available to the public as the rooms were all rented for the season and the existence of the facility was not advertised in any fashion to the public. The issue is whether the facility as used was either a "hotel" or "motel" as those terms are defined by the Ogunquit Zoning Ordinance.

The Maine Supreme Judicial Court has provided guidance in how terms in zoning ordinances are to be interpreted. In *Malonson v. Town of Berwick*, 2004 ME 96, ¶5 the Law Court stated, "When an Ordinance specifically defines a term, we will not redefine it." Undefined terms are to have their ordinary and customary meanings and judges "...are not required to disregard common sense when we interpret municipal ordinances." *Jordan v. City of Ellsworth*, 2003 ME 82, ¶10, 828 A.2d 768, 771.

Ogunquit has defined "hotel" as "A building in which lodging or meals and lodging is offered to the public for compensation and in which ingress and egress to and from rooms are made primarily through a common entrance or lobby or office. The hotel may contain such accessory services and facilities as news stands, personal grooming facilities and restaurants." It is possible to use both the exact definition and common sense in interpreting and applying a defined term.

The plaintiff's structure is clearly a building in which lodging is offered for compensation. The building meets the ingress and egress requirements. It does not provide accessory services but is not required to. Is it, however, a building in which lodging is offered to the public?

The Planning Board concluded that the facility was not a "hotel" because there was no evidence that "short-term lodging was offered to the public" because there was

2

no marketing or advertising, no office, no front desk, no guest register and no payment of lodging sales taxes. The Board found that security deposits and lease agreements were required. The plaintiff has argued that by making these findings and using them to reach the conclusion that the building was not a "hotel" the Board impermissibly redefined a defined term to add requirements not found in the precise language of the Ordinance. The Board, however, did not redefine the definition. Its factual findings and conclusions examined what was meant by the definition's requirement that lodging be "offered to the public." Lodging was offered but typically only to employees of the Ogunquit Playhouse. Lodging was not offered to the public. The Board's determination meets the twin tests of using the exact language of a defined term and using common sense in interpreting both the whole definition and the undefined term "public" contained within the definition.

The Ogunquit ordinance states, at the start of Article 2 governing definitions, that "Definitions found in a standard Webster's Dictionary of the current decade on file in the Code Enforcement Officer's office will apply to all words not already defined in this Zoning Ordinance." The record provided does not contain a definition of "public" and I do not know what the definition is in the Code Enforcement Officer's dictionary. The 1981 Webster's New Collegiate Dictionary contained in my office defines public in definition 1a as "of, relating to, or affecting all the people or the whole area of a nation or state." Because Keene's Guest House offered lodging to a limited segment of the public and not the public it was not a "hotel". The Board's focus on "short-term" lodging was in error but its conclusion that the facility was not a "hotel" was correct.

The next consideration is whether the facility is a "motel". That definition states,

"A building or group of buildings in which lodging is offered to the general public for – compensation, and where entrance to rooms is made directly from the outside of the building. Motel includes such terms as

3

tourist cabins and tourist court. Any transient accommodations which does not meet the definitions of Bed and Breakfast, Hotel or Inn shall be deemed to be a motel for the purposes of this ordinance."

The building did not have entrances that met the definition, was not a tourist court and did not consist of tourist cabins. Likewise, the facility was too large to meet the definition of Bed and Breakfast or Inn and both the Board and this Court have determined that it is not a "hotel".

Did the facility provide "transient" accommodations? As "transient" was not defined by the ordinance the Board used the definition found in the Code Enforcement Officer's dictionary of "passing through or by a place for only a brief stay or sojourn." Here the Board was correct when it determined that by staying for an entire tourist season the period was too long to have provided "transient accommodations". A combination of the actual definition and common sense suggests that this was more employee housing or a summer rental than a "transient accommodation".

I am aware that the definition of "hotel" refers to the "public" while the definition of "motel" refers to the "general public". If the terms "public" and "general public" are intended to have different meanings then perhaps the use of the facility for housing employees of the Ogunquit Playhouse constitutes lodging offered to the "public", even if it is not offered to the "general public". If there were different meanings then perhaps the building really is a "hotel". As "public" refers to all of the people the use of the word "general" does not expand the meaning of "public" and is merely a redundant word. We commonly use the phrase "general public" but the word "public" does the job quite well.

4

As the Board was correct in its interpretation of the words "hotel" and "motel", the entry is:

Decision of July 7, 2004 of the Town of Ogunquit Planning Board is affirmed. Judgment for the defendant.

Dated:        January 13, 2005


Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF:
Peggy L McGehee, Esq.
PERKINS THOMPSON HINCKLEY & KEDDY
PO BOX 426
PORTLAND ME 04112-0426


Defendant:
William H. Dale
Natalie L. Burns, Esq.
JENSEN BAIRD GARDNER & HENRY
PO BOX 4510
PORTLAND ME 04112-4510